## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

KIRK RAMEY,

                Plaintiff,

    v.

BETA BIONICS, INC.,

                Defendant.

Case No. __25-cv-11904_____

REMOVED FROM THE COMMONWEALTH OF MASSACHUSETTS, SUFFOLK SUPERIOR COURT, CASE NO. 2584CV01535

## NOTICE OF REMOVAL

Defendant Beta Bionics, Inc. ("Beta Bionics" or "Defendant"), by and through its attorneys and without waiving any defenses, and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, submits this Notice of Removal with respect to the above captioned case from the Commonwealth of Massachusetts, Suffolk Superior Court. In support of its Notice of Removal, Defendant states as follows:

## BACKGROUND AND TIMELINESS

1. On or about June 3, 2025, Plaintiff Kirk Ramey ("Ramey" or "Plaintiff") filed his Complaint in the Commonwealth of Massachusetts, Suffolk Superior Court, titled: *Kirk Ramey. v. Beta Bionics, Inc.,* Docket No. 2584CV01535 (the "State Court Action").

2. On June 5, 2025, Plaintiff served Defendant. Copies of all "process, pleadings and orders" received by Defendant in the State Court Action are attached as **Ex. A**.[1] *See* 28 U.S.C. § 1446(a).

---

[1] Plaintiff's Complaint included as Exhibit A thereto a copy of the Settlement Agreement (the "Agreement") that forms the basis of this dispute; however, the Agreement provides at Section 10 that "[e]ach of the Parties shall keep the provisions of this Agreement confidential and shall not disclose them to any person" with certain exceptions that are not relevant here. Defendant promptly notified Plaintiff of this error, and Plaintiff subsequently filed an assented-to Motion to Impound in the lower court, which has since been granted.

3.      Because Defendant has filed this Notice of Removal within thirty days of service of the Complaint, this Notice of Removal is timely. *See* 28 U.S.C. § 1446(b); Fed. R. Civ. P. 6(a)(1)(C); *Romulus v. CVS Pharmacy, Inc.*, 770 F.3d 67, 74 (1st Cir. 2014).

## THE CASE IS REMOVABLE BASED ON DIVERSITY JURISDICTION

4.      Pursuant to 28 U.S.C. § 1332(a), "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."

5.      In this case, the requirements of 28 U.S.C. § 1332(a) have been met because, as set forth below, there is complete diversity of citizenship among the parties, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

### *The Parties Are Diverse*

6.      As alleged in the Complaint, Plaintiff resides in Florida, and is therefore a citizen and resident of the State of Florida. *See* **Ex. A**, Compl. ¶ 1.

7.      Section 1332 defines corporate citizenship as follows: "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business[.]" 28 U.S.C. § 1332(c)(1).

*8.*      A corporation's principal place of business is the place where the "corporation's officers direct, control, and coordinate the corporation's activities . . . [a]nd in practice [that place] should normally be the place where the corporation maintains its headquarters." *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010).

2

*9.*      Beta Bionics is a company organized under the laws of the State of Delaware with its principal place of business in Irvine, California, and is thus a citizen of both Delaware and California.[2]

10.      Because the Plaintiff is a citizen of a different state than Defendant, this case is between "citizens of different States," and complete diversity between Plaintiff and Defendant exists. *See Ezekiel v. Jones Motor Co.*, 377 F. Supp. 273, 275 (D. Mass. 1974) ("This Court has original jurisdiction of this case under 28 U.S.C. § 1332 only if all defendants are of citizenship diverse to that of the plaintiff."); 28 U.S.C. § 1332(a), (c).

### *The Amount In Controversy Exceeds $75,000*

11.      "The amount in controversy is calculated based on 'the state of the complaint at the time of removal.'" *Williams v. Toys "R" Us - Delaware, Inc.*, No. CV 15-13943-MLW, 2016 WL 5723588, at *1 (D. Mass. Sept. 28, 2016) (citing *Magerer v. John Sexton & Co.*, 912 F.2d 525, 529 (1st Cir. 1990)).

12.      While Beta Bionics denies any liability, the civil action cover sheet accompanying Plaintiff's Complaint states that Plaintiff seeks to recover "[n]ot less than $195,000" for each of the two claims set forth in the Complaint.

13.      Thus, the amount in controversy in this action exceeds the $75,000 threshold.

### **VENUE AND NOTICE**

14.      Removal is appropriate "to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Pursuant to 28

---

[2] Plaintiff's complaint mistakenly alleges that Beta Bionics is organized under the laws of the state of California. In any event, as set forth herein, the parties are diverse.

U.S.C. § 101, this Court embraces the Suffolk Superior Court, Commonwealth of Massachusetts. Accordingly, this Court is the appropriate venue for removal of this action. 28 U.S.C. § 1441(a).

15.    Prompt written notice of this Notice of Removal has been sent to Plaintiff through his counsel, and to the Clerk of Court for Suffolk Superior Court, Commonwealth of Massachusetts, as required by 28 U.S.C. § 1446(d). A copy of this notice is attached hereto as **Ex. B**.

## CONCLUSION

WHEREFORE, Defendant Beta Bionics, Inc. requests that the above-described action pending against it be removed to the United States District Court for the District of Massachusetts. Defendant also requests all other relief, at law or in equity, to which it justly is entitled.

DATED: July 3, 2025                Respectfully submitted,

BETA BIONICS, INC.,

By its attorneys:

*/s/ Dawn Mertineit*
Dawn Mertineit (BBO No. 669988)
dmertineit@seyfath.com
Dallin R. Wilson (BBO No. 676662)
drwilson@seyfarth.com
SEYFARTH SHAW LLP
Seaport East
Two Seaport Lane, Suite 1200
Boston, Massachusetts 02210
Telephone:     (617) 946-4800
Facsimile:     (617) 946-4801

4

## CERTIFICATE OF SERVICE

I hereby certify that on July 3, 2025, a copy of the foregoing document was filed electronically through the Court's ECF system. Electronic copies were served on the plaintiff as follows:

Kevin T. Peters
Fox Rothschild LLP
33 Arch St., Suite 3110
Boston, MA 02110
(617) 848-4017
kpeters@foxrothschild.com

*Attorneys for Plaintiff*

/s/ Dawn Mertineit
Dawn Mertineit

5