## 2584CV01535 Ramey, Kirk vs. Beta Bionics, Inc.

| | | | |
|---|---|---|---|
| **CASE TYPE:** | Contract / Business Cases | **FILE DATE:** | 06/03/2025 |
| **ACTION CODE:** A99 | | **CASE TRACK:** | F - Fast Track |
| **DESCRIPTION:** Other Contract Action | | | |
| **CASE DISPOSITION DATE:** 07/08/2025 | | **CASE STATUS:** | Closed |
| **CASE DISPOSITION:** | Transferred to another Court | **STATUS DATE:** | 07/08/2025 |
| **CASE JUDGE:** | | **CASE SESSION:** | Civil B |

### PARTIES

| | |
|---|---|
| **Plaintiff**<br>Ramey, Kirk<br>2701 NE 4th St<br>Pompano Beach, FL 33062 | **Attorney**  **550522**<br>Kevin Thomas Peters<br>Fox Rothschild LLP<br>Fox Rothschild LLP<br>33 Arch St<br>Suite 3110<br>Boston, MA 02110<br>Work Phone (617) 848-4017<br>Added Date: 06/03/2025 |
| **Defendant**<br>Beta Bionics, Inc.<br>11 Hughes<br>Irvine, CA 92618 | **Attorney**  **669988**<br>Dawn M Mertineit<br>Seyfarth Shaw LLP<br>Seyfarth Shaw LLP<br>2 Seaport Lane Suite 1200<br>Boston, MA 02210<br>Work Phone (617) 946-4917<br>Added Date: 06/05/2025 |

### FINANCIAL DETAILS

| Date | Fees/Fines/Costs/Charge | Assessed | Paid | Dismissed | Balance |
|---|---|---|---|---|---|
| 06/04/2025 | Civil Filing Fee (per Plaintiff) Receipt: 48464 Date: 06/04/2025 | 240.00 | 240.00 | 0.00 | 0.00 |
| 06/04/2025 | Civil Surcharge (G.L. c. 262, § 4C) Receipt: 48464 Date: 06/04/2025 | 15.00 | 15.00 | 0.00 | 0.00 |
| 06/04/2025 | Civil Security Fee (G.L. c. 262, § 4A) Receipt: 48464 Date: 06/04/2025 | 20.00 | 20.00 | 0.00 | 0.00 |
| | **Total** | **275.00** | **275.00** | **0.00** | **0.00** |

**SUFFOLK COUNTY CIVIL**
**Docket Report**

| | | INFORMATIONAL DOCKET ENTRIES | |
|---|---|---|---|
| **Date** | **Ref** | **Description** | **Judge** |
| 06/03/2025 | 1 | Complaint electronically filed. | |
| 06/03/2025 | 2 | Civil action cover sheet filed. | |
| 06/04/2025 | | Case assigned to: DCM Track F - Fast Track was added on 06/04/2025 | |
| 06/04/2025 | | EDocument sent: A Tracking Order was generated and sent to: Plaintiff, Attorney: Kevin Thomas Peters, Esq. kpeters@foxrothschild.com | |
| 06/05/2025 | | Attorney appearance On this date Dawn M Mertineit, Esq. added for Defendant Beta Bionics, Inc. | |
| 06/06/2025 | 3 | Service Returned for Beta Bionics, Inc. Defendant Service accepted by counsel 06/05/2025 Applies To: Beta Bionics, Inc. (Defendant) | |
| 06/09/2025 | | Notice of 93A complaint sent to Attorney General | |
| 06/18/2025 | 4 | Plaintiff Kirk Ramey's Assented to Motion to Impound | |
| 07/02/2025 | | Endorsement on Motion to Impound (#4.0): ALLOWED as assented to. (dated 6/25/2025) Notice sent 7/7/25 | Campo |
| 07/03/2025 | 5 | Defendant Beta Bionics, Inc.'s Notice of Removal U.S. Dist. #25cv-11904 | |
| 07/08/2025 | | REMOVED to the U.S. District Court Of Massachusetts | |
| 07/08/2025 | | Case transferred to another court. | |

I HEREBY ATTEST AND CERTIFY ON
July 8 2025 , THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.
John E. Powers, III
Clerk Magistrate
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT
BY:
Asst. Clerk

Date Filed 6/3/2025 5:43 PM Case 1:25-cv-11904-ADB    Document 7    Filed 07/22/25    Page 3 of 34
Superior Court - Suffolk
Docket Number

1

COMMONWEALTH OF MASSACHUSETTS
TRIAL COURT

SUFFOLK, SS.                                                    CIV. A. NO.

```
                                    )
KIRK RAMEY,                         )
                                    )
     Plaintiff,                     )                              kg
                                    )
v.                                  )
                                    )
BETA BIONICS, INC.                  )
                                    )
     Defendant.                     )
                                    )
```

## COMPLAINT

Kirk Ramey, by and through his attorneys, brings this action against Beta Bionics, Inc. for breach of contract and violation of Mass. Gen. L. Ch. 93A for breach of a settlement agreement and shareholder agreement. For his complaint, the plaintiff states as follows:

## PARTIES

1.     Kirk Ramey ("Ramey") is an individual residing at 2701 NE 4th St., Pompano Beach, FL 33062.

2.     Beta Bionics, Inc. ("Beta") is a corporation organized under the laws of the State of California and has a principal place of business at 11 Hughes, Irvine, CA 92618.

## FACTS

3.     In 2018, Ramey commenced an action against Boston University, Beta, and others alleging that he had been promised a certain equity stake in Beta, a company established to commercialize a bionic pancreas Ramey helped develop (the "Project"). Ramey is one of the named inventors on certain patents used in the Project and a coinventor on other patents and patent applications prosecuted by BU relating to the Project (the "BU Patents"). The complaint

1

was styled *Ramey v. Trustees of Boston University et al.*, Civ. A. No. 1884CV03240-BLS1

("Underlying Litigation")

4.      The Underlying Litigation was settled on April 2, 2024.

5.      Section 5 of the Settlement Agreement (Exhibit A) states:

*Stock.* Effective within the later of twenty-one days after (a) filing of the stipulation of dismissal provided for in Paragraph 1 or (b) Ramey provides to Beta Bionics information necessary to effectuate the transaction contemplated in this section, namely his full legal name, his home and mailing address, and his social security number, Damiano shall issue One Hundred Thousand (100,000) shares of duly and validly issued Class B Common Stock of Beta Bionics to Ramey ("Settlement Stock Transfer"). The transfer shall be made by delivering to Ramey's counsel confirmation from Beta Bionics of the issuance of such shares in the name of Kirk D. Ramey. *Beta Bionics and Damiano represent and warrant that there are no adverse claims to the shares that will be transferred to Ramey, and Damiano and Beta Bionics agree that Ramey shall have the status of a purchaser for value and that he will acquire the shares free of any adverse claim.* Beta Bionics shall promptly register the transfer of shares to Ramey's *shares shall have the same rights and restrictions as all other Class B Common Stock and shall be treated identically with all other Class B Common stock for all purposes.* Within fourteen days after the Settlement Stock Transfer, Beta Bionics shall deliver a digital stock certificate to Ramey evidencing the shares. Ramey shall be treated as the owner of the shares for all purposes, including voting and dividends, as of the date of the Settlement Stock Transfer. (Emphasis added).

6.      The clear import of this provision is that Ramey would be issued stock with precisely the same rights as all other members of his stockholder class. Beta's articles of organization impose no transfer restrictions on any of the common stockholders. Specifically, Article V of Beta's Delaware articles of organization state that there will be *no restrictions* on the transfer of Class B Common stock. Accordingly, there were no transfer restrictions on the stock issued to Ramey.

7.      Damiano thereafter transferred his Beta stock to Ramey. Consistent with Article V, there are no transfer restrictions stated on the stock certificate.

2

8.      Ramey has been anxious to sell his Beta stock as quickly as possible given his skepticism about Beta's likely long-term success. Discussions concerning his right and ability to do so reach back to the negotiations that informed the Settlement Agreement.

9.      On December 9, 2024, Ramey wrote to Beta informing the company of his intention to sell his Beta stock as soon as possible.  He reiterated:

> Pursuant to Article V of the Plan of Domestication …, there shall be no restrictions imposed upon the transfer of shares of stock of any class. Beta will not attempt to force, devalue, or prevent Ramey from selling his shares by special vote or otherwise. Beta Bionics will name a contact to facilitate sale of Ramey's shares, which he intends to sell as soon as possible.

10.     Beta responded to this letter on January 15, 2025 acknowledging that there were no restrictions on the sale of Ramey's stock, stating "[i]f Ramey would like to sell his shares, he will need to find a buyer on his own." At that point in time, Beta was still a closely held corporation.

11.     Shortly after this letter, Beta informed its stockholders that its bankers required each of them to agree to a six-month lockup. On January 6, 2025, Beta wrote to stockholders stating:

> As you may be aware, Beta Bionics, Inc. ("Beta Bionics") is in the process of pursuing an initial public offering ("IPO").

> Lock-up Agreement
> In connection with the IPO, the underwriters are requiring that all Beta Bionics securityholders (including optionholders and stockholders) sign a customary lock-up agreement, which is attached. From the date of the lock-up agreement until 180 days after the date of the pricing of the IPO, the lock-up agreement will prevent you from selling or transferring any Beta Bionics securities you hold, subject to certain exceptions. …

> **You will receive a DocuSign request from Kevin Meinert to sign the lock-up agreement. Please complete the DocuSign as soon as possible.**

3

12.    Ramey received the DocuSign request (hereinafter, the "Lockup Proposal") on January 6, 2025 and refused to agree to the unilateral amendment to his Settlement Agreement. He was therefore not bound by the Lockup Proposal and maintained the right to sell his stock.

13.    Two weeks after Beta requested the lockup, its stock began trading on the Nasdaq under the ticker "BBNX." By then, Ramey had engaged a financial advisor to communicate his intention to liquidate to Beta's Investor Relations contact.

14.    Rather than facilitate the liquidation, Beta's senior employees intentionally stalled and ultimately refused to cooperate with Ramey's financial advisor. The stock price has since declined, eroding the value of equity Ramey should have already liquidated.

15.    Beta knew by the time it went public that Ramey was not bound by the Lockup Proposal. To preclude his sale nevertheless, Beta stymied the sale by failing to inform its transfer agent of Ramey's equity and refusing to correct that error immediately.

16.    On February 11, 2025, Beta's investors received an email from stating "the Company recently completed an IPO of its Common Stock on January 31, 2025 [and] [t]he Company's share records have been provided to our new transfer agent, Computershare." This was an intentional misrepresentation. It is now apparent that Beta deliberately failed to include Ramey's interests when transferring its share records to Computershare.

17.    Beta confirmed Computershare had no record of Ramey's stock in a February 14, 2025 email. Because Computershare had no record of Ramey's stock, it could not be sold. Beta was obliged to fix that issue immediately, understanding of course that Ramey could not sell his stock until it was. It intentionally failed to do so.

18.    In an attempt to resolve this issue, a week later, on February 17, 2025, Ramey demanded that Beta either "[h]alt the transfer [of Ramey's stock] from Shareworks to

Date Filed 6/3/2025 5:43 PM
Superior Court - Suffolk
Docket Number

Computershare" or "Expedite Kirk's account access to Computershare." After agreeing to investigate these options, three days later Beta abandoned the pretext that it was trying to be helpful and chose another route. On February 21, 2025, in response to Ramey's February 17 demand, Beta stated for the first time that "Kirk's shares are locked up for 180 days post-IPO due to the market standoff provision tied to the shares received by Ramey from Damiano."

19.    Beta contends that because Damiano agreed to a lockup (which is typical for C-level officers) in effect Ramey did as well. More technically, Beta argued that the sale restrictions attach to the stock, whosoever owns it. This position is fundamentally inconsistent with Ramey's rights under the Settlement Agreement and the articles of organization and further establishes Beta's bad faith.

20.    When Ramey acquired Damiano's stock, under the Settlement Agreement Beta was obliged to treat that stock "identically with all other Class B Common stock for all purposes." The Settlement Agreement requires Beta to "promptly register the transfer of shares to Ramey's shares [which] shall have the same rights and restrictions as all other Class B Common Stock and shall be treated identically with all other Class B Common stock for all purposes." Article 5 of Beta's Delaware articles of organization specifically precludes transfer restrictions. Beta therefore recognized that transfer restrictions could not be imposed but rather had to be voluntarily assumed. Beta's February 11 proposal to stockholders implicitly acknowledges this fact. Hence, the only option Beta had to restricting Ramey's rights to liquidate was to get his agreement. It failed to do so. Beta therefore contrived a new excuse to prevent liquidation – a fantom restriction that appears nowhere on the stock certificate, and which violates the obligations imposed under the Settlement Agreement.

Date Filed 6/3/2025 5:43 PM
Superior Court - Suffolk
Docket Number

21.     Beta also disregarded a second safeguard drafted into the Settlement Agreement. The Settlement Agreement states that "Beta Bionics and Damiano represent and warrant that there are no adverse claims to the shares that will be transferred to Ramey, and Damiano and Beta Bionics agree that Ramey shall have the status of a purchaser for value and that he will acquire the shares *free of any adverse claim*." The blackout Beta advances to override Ramey's right to sell is an adverse claim. The putative lock-up represents a "substantial limitation or restriction" within the meaning of Treasury Regulation 1.451-2. In short, Beta has purported to impose restrictions on stock it was required to deliver to Ramey without restrictions.

22.     Beta's breach of contract and related misconduct follows the path of well-tread caselaw holding that an intentional breach of contract done to procure benefits beyond that contract violates Mass. Gen. L. ch. 93A.

23.     Beta generated and abided by its restriction myth simply to garner a benefit to which it was not entitled – the stolen right to protect the enterprise value of the company by preventing Ramey from selling. Beta had no legal right to do so – to mitigate the risk of negative volatility incident to the selloff of Ramey's 50,000 shares at his expense – and no good-faith basis to believe otherwise. It invented justifications and stalled in order to purloin what Ramey refused to give, transfer restrictions. The company knows of course that it may well be able to stall Ramey for 180 days with this fiction, thus achieving by breach what it could not accomplish by contract modification. That conduct, both past and continuing, is unfair and deceptive.

24.     Beta's stock closed at $23.81 on January 31, 2025. It is currently trading at approximately $11.

25.     On February 28, 2025, Ramey sent a demand letter to Beta pursuant to Mass. Gen. L. Ch. 93A.  Beta responded, accusing Ramey of conspiracy theories and declining the

demand for compensation. Ramey replied to Beta requesting evidence of its contention that Ramey is bound by the lockup provision. Beta declined that request as well.

## COUNT I
## Breach of Contract

26.    Ramey incorporates by reference the allegations of this complaint as if restated herein.

27.    Ramey and Beta are parties to the Settlement Agreement.

28.    Ramey fully performed his obligations to Beta under the Settlement Agreement.

29.    Beta breached that agreement as alleged passim.

30.    Ramey has been damaged by Beta's breach of contract in an amount to be proven at trial.

## COUNT II
## Violation of Mass. Gen. L. Ch. 93A

31.    Ramey incorporates by reference the allegations of this complaint as if restated herein.

32.    Beta acted unfairly and deceptively toward Ramey primarily and substantially in Massachusetts by intentionally breaching a contract that specifies Massachusetts law. Beta breached in order to gain a contract advantage to which it was not entitled.

33.    Beta's conduct was willful and knowing.

34.    Ramey has been damaged by Beta's intentional violation of Mass. Gen. L. Ch. 93A.

WHEREFORE, Kirk Ramey respectfully requests that this Court:

A.  Enter judgment in his favor on all counts of the complaint;

B.  Treble the damages awarded pursuant to Mass. Gen. L. Ch. 93A;

7

C.  Award reasonable attorneys' fees pursuant to Mass. Gen. L. Ch. 93A; and

D.  Allow such other and further relief as the Court deems just and appropriate.

Respectfully submitted:

KIRK RAMEY,

By his attorneys,

Kevin T. Peters (BBO No. 550522)
Fox Rothschild LLP
33 Arch Street, Suite 3110
Boston, MA 02110
(617) 848-4017 - direct
(617) 848-4001 - fax
kpeters@foxrothschild.com

June 3, 2025

I HEREBY ATTEST AND CERTIFY ON
July 8, 2025, THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.
John E. Powers, III
Clerk Magistrate
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT
BY: _____
Asst. Clerk

8

# EXHIBIT A

REDACTED PER IMPOUNDMENT ORDER

| CIVIL ACTION COVER SHEET | DOCKET NUMBER 25-1535 | Massachusetts Trial Court Superior Court |
|---|---|---|
| | | COUNTY Suffolk Superior Court (Boston) |

**2**

| Plaintiff | KIRK RAMEY | Defendant: | BETA BIONICS, INC. |
|---|---|---|---|
| ADDRESS: | 2701 NE 4th St., Pompano Beach, FL 33062 | ADDRESS: | 11 Hughes, Irvine, CA 92618 |

| Plaintiff Attorney: | Kevin T. Peters | Defendant Attorney: | |
|---|---|---|---|
| ADDRESS: | 33 Arch Street, Suite 3110 Boston, MA 02110 | ADDRESS: | |

| BBO: | 550522 | BBO: | |
|---|---|---|---|

### TYPE OF ACTION AND TRACK DESIGNATION (see instructions section on next page)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| A99 | Other Contract/Business Action  - Specify | F | ☐ YES   ☒ NO |

*If "Other" please describe:    Breach of Contract; Violation of Mass. Gen. L. Ch. 93A

| Is there a claim under G.L. c. 93A? | Is there a class action under Mass. R. Civ. P. 23? |
|---|---|
| ☒ YES   ☐ NO | ☐ YES   ☒ NO |

### STATEMENT OF DAMAGES REQUIRED BY G.L. c. 212, § 3A

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff's counsel relies to determine money damages. (Note to plaintiff: for this form, do not state double or treble damages; indicate single damages only.)

**TORT CLAIMS**

A. Documented medical expenses to date

    1. Total hospital expenses

    2. Total doctor expenses

    3. Total chiropractic expenses     kg

    4. Total physical therapy expenses

    5. Total other expenses (describe below)

I HEREBY ATTEST AND CERTIFY ON July 8, 2025, THAT THE FOREGOING DOCUMENT IS A FULL, TRUE AND CORRECT COPY OF THE ORIGINAL ON FILE IN MY OFFICE, AND IN MY LEGAL CUSTODY.    $0.00

John E. Powers, III
Clerk Magistrate
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT
BY: _____
Asst. Clerk

B. Documented lost wages and compensation to date

C. Documented property damages to date

D. Reasonably anticipated future medical and hospital expenses

E. Reasonably anticipated lost wages

F. Other documented items of damages (describe below)

TOTAL (A-F):    $0.00

G. Briefly describe plaintiff's injury, including the nature and extent of the injury:

### CONTRACT CLAIMS

☐ This action includes a claim involving collection of a debt incurred pursuant to a revolving credit agreement. Mass. R. Civ. P. 8.1(a).

| Item # | Detailed Description of Each Claim | Amount |
|---|---|---|
| 1. | Breach of Contract | Not less than $195,000 |
| 2. | Violation of Mass. Gen. L. Ch. 93A | Not less than $195,000 |
| | Total | |

| Signature of Attorney/Self-Represented Plaintiff: X Kevin T. Peters | Date: | June 3, 2025 |
|---|---|---|

**RELATED ACTIONS:** Please provide the case number, case name, and county of any related actions pending in the Superior Court.

Date Filed 6/3/2025 5:43 PM
Superior Court - Suffolk
Docket Number

**CERTIFICATION UNDER S.J.C. RULE 1:18(5)**

I hereby certify that I have complied with requirements of Rule 5 of Supreme Judicial Court Rule 1:18 Uniform Rules on Dispute Resolution, requiring that I inform my clients about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

| Signature of Attorney: X  Kevin T. Peters | Date: | June 3, 2025 |
|---|---|---|

Date Filed 6/3/2025 5:43 PM
Superior Court - Suffolk
Docket Number

# CIVIL ACTION COVER SHEET INSTRUCTIONS —
## SELECT A CATEGORY THAT BEST DESCRIBES YOUR CASE*

### AC Actions Involving the State/Municipality †*

| | |
|---|---|
| AA1 Contract Action involving Commonwealth, Municipality, MBTA, etc. | (A) |
| AB1 Tortious Action involving Commonwealth, Municipality, MBTA, etc. | (A) |
| AC1 Real Property Action involving Commonwealth, Municipality, MBTA etc. | (A) |
| AD1 Equity Action involving Commonwealth, Municipality, MBTA, etc. | (A) |
| AE1 Administrative Action involving Commonwealth, Municipality, MBTA,etc. | (A) |

### CN Contract/Business Cases

| | |
|---|---|
| A01 Services, Labor, and Materials | (F) |
| A02 Goods Sold and Delivered | (F) |
| A03 Commercial Paper | (F) |
| A04 Employment Contract | (F) |
| A05 Consumer Revolving Credit - M.R.C.P. 8.1 | (F) |
| A06 Insurance Contract | (F) |
| A08 Sale or Lease of Real Estate | (F) |
| A12 Construction Dispute | (A) |
| A14 Interpleader | (F) |
| BA1 Governance, Conduct, Internal Affairs of Entities | (A) |
| BA3 Liability of Shareholders, Directors, Officers, Partners, etc. | (A) |
| BB1 Shareholder Derivative | (A) |
| BB2 Securities Transactions | (A) |
| BC1 Mergers, Consolidations, Sales of Assets, Issuance of Debt, Equity, etc. | (A) |
| BD1 Intellectual Property | (A) |
| BD2 Proprietary Information or Trade Secrets | (A) |
| BG1 Financial Institutions/Funds | (A) |
| BH1 Violation of Antitrust or Trade Regulation Laws | (A) |
| A99 Other Contract/Business Action - Specify | (F) |

* See Superior Court Standing Order 1-88 for an explanation of the tracking deadlines for each track designation: F, A, and X. On this page, the track designation for each case type is noted in parentheses.

†* Choose this case type if ANY party is the Commonwealth, a municipality, the MBTA, or any other governmental entity UNLESS your case is a case type listed under Administrative Civil Actions (AA).

‡ Choose this case type if ANY party is an incarcerated party, UNLESS your case is a case type listed under Administrative Civil Actions (AA) or is a Prisoner Habeas Corpus case (E97).

### ER Equitable Remedies

| | |
|---|---|
| D01 Specific Performance of a Contract | (A) |
| D02 Reach and Apply | (F) |
| D03 Injunction | (F) |
| D04 Reform/ Cancel Instrument | (F) |
| D05 Equitable Replevin | (F) |
| D06 Contribution or Indemnification | (F) |
| D07 Imposition of a Trust | (A) |
| D08 Minority Shareholder's Suit | (A) |
| D09 Interference in Contractual Relationship | (F) |
| D10 Accounting | (A) |
| D11 Enforcement of Restrictive Covenant | (F) |
| D12 Dissolution of a Partnership | (F) |
| D13 Declaratory Judgment, G.L. c. 231A | (A) |
| D14 Dissolution of a Corporation | (F) |
| D99 Other Equity Action | (F) |

### PA Civil Actions Involving Incarcerated Party ‡

| | |
|---|---|
| PA1 Contract Action involving an Incarcerated Party | (A) |
| PB1 Tortious Action involving an Incarcerated Party | (A) |
| PC1 Real Property Action involving an Incarcerated Party | (F) |
| PD1 Equity Action involving an Incarcerated Party | (F) |
| PE1 Administrative Action involving an Incarcerated Party | (F) |

### TR Torts

| | |
|---|---|
| B03 Motor Vehicle Negligence - Personal Injury/Property Damage | (F) |
| B04 Other Negligence - Personal Injury/Property Damage | (F) |
| B05 Products Liability | (A) |
| B06 Malpractice - Medical | (A) |
| B07 Malpractice - Other | (A) |
| B08 Wrongful Death - Non-medical | (A) |
| B15 Defamation | (A) |
| B19 Asbestos | (A) |
| B20 Personal Injury - Slip & Fall | (F) |
| B21 Environmental | (F) |
| B22 Employment Discrimination | (F) |
| BE1 Fraud, Business Torts, etc. | (A) |
| B99 Other Tortious Action | (F) |

### RP Summary Process (Real Property)

| | |
|---|---|
| S01 Summary Process - Residential | (X) |
| S02 Summary Process - Commercial/ Non-residential | (F) |

### RP Real Property

| | |
|---|---|
| C01 Land Taking | (F) |
| C02 Zoning Appeal, G.L. c. 40A | (F) |
| C03 Dispute Concerning Title | (F) |
| C04 Foreclosure of a Mortgage | (X) |
| C05 Condominium Lien & Charges | (X) |
| C99 Other Real Property Action | (F) |

### MC Miscellaneous Civil Actions

| | |
|---|---|
| E18 Foreign Discovery Proceeding | (X) |
| E97 Prisoner Habeas Corpus | (X) |
| E22 Lottery Assignment, G.L. c. 10, § 28 | (X) |

### AB Abuse/Harassment Prevention

| | |
|---|---|
| E15 Abuse Prevention Petition, G.L. c. 209A | (X) |
| E21 Protection from Harassment, G.L. c. 258E | (X) |

### AA Administrative Civil Actions

| | |
|---|---|
| E02 Appeal from Administrative Agency, G.L. c. 30A | (X) |
| E03 Certiorari Action, G.L. c. 249, § 4 | (X) |
| E05 Confirmation of Arbitration Awards | (X) |
| E06 Mass Antitrust Act, G.L. c. 93, § 9 | (A) |
| E07 Mass Antitrust Act, G.L. c. 93, § 8 | (X) |
| E08 Appointment of a Receiver | (X) |
| E09 Construction Surety Bond, G.L. c. 149, §§ 29, 29A | (A) |
| E10 Summary Process Appeal | (X) |
| E11 Worker's Compensation | (X) |
| E16 Auto Surcharge Appeal | (X) |
| E17 Civil Rights Act, G.L. c.12, § 11H | (A) |
| E24 Appeal from District Court Commitment, G.L. c.123, § 9(b) | (X) |
| E94 Forfeiture, G.L. c. 265, § 56 | (X) |
| E95 Forfeiture, G.L. c. 94C, § 47 | (F) |
| E99 Other Administrative Action | (X) |
| Z01 Medical Malpractice - Tribunal only, G.L. c. 231, § 60B | (F) |
| Z02 Appeal Bond Denial | (X) |

### SO Sex Offender Review

| | |
|---|---|
| E12 SDP Commitment, G.L. c. 123A, § 12 | (X) |
| E14 SDP Petition, G.L. c. 123A, § 9(b) | (X) |

### RC Restricted Civil Actions

| | |
|---|---|
| E19 Sex Offender Registry, G.L. c. 6, § 178M | (X) |
| E27 Minor Seeking Consent, G.L. c.112, § 12S | (X) |

TRANSFER YOUR SELECTION TO THE FACE SHEET

**EXAMPLE:**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| B03 | Motor Vehicle Negligence-Personal Injury | F | ☒ YES  ☐ NO |

## STATEMENT OF DAMAGES REQUIRED BY G.L. c. 212, § 3A

**DUTY OF THE PLAINTIFF** — On the face of the Civil Action Cover Sheet (or on attached additional sheets, if necessary), the plaintiff shall state the facts on which the plaintiff relies to determine money damages. A copy of the completed Civil Action Cover Sheet, including the statement concerning damages, shall be served with the complaint. **A clerk-magistrate shall not accept for filing a complaint, except as otherwise provided by law, unless it is accompanied by such a statement signed by the attorney or self-represented litigant.**

**DUTY OF THE DEFENDANT** — If the defendant believes that the statement of damages filed by the plaintiff is inadequate, the defendant may file with the defendant's answer a statement specifying the potential damages which may result if the plaintiff prevails.

## A CIVIL ACTION COVER SHEET MUST BE FILED WITH EACH COMPLAINT.
## IF THIS COVER SHEET IS NOT FILLED OUT THOROUGHLY AND
## ACCURATELY, THE CASE MAY BE DISMISSED.

Date Filed 6/6/2025 4:07 PM
Superior Court - Suffolk
Docket Number 2584CV01535

| | | CIVIL DOCKET NO. | Trial Court of Massachusetts |
|---|---|---|---|
| **Summons** | | 2584CV01535 | The Superior Court   **3** |
| MS | | | |

| CASE NAME: | | John E. Powers III | Acting Clerk of Courts |
|---|---|---|---|
| KIRK RAMEY | | Suffolk | County |
| | Plaintiff(s) | COURT NAME & ADDRESS: Suffolk Superior Civil Court | |
| VS. | | Three Pemberton Square | |
| BETA BIONICS, INC. | | Boston, MA. 02108 | |
| | Defendant(s) | | |

THIS SUMMONS IS DIRECTED TO _Beta Bionics,Inc_ (Defendant's name)
_c/o Dawn Mertineit,Esq._

**You are being sued.** The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this Summons and the original Complaint has been filed in the                    Court.

### YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.

### 1. You must respond to this lawsuit in writing within 20 days.

If you do not respond, the Court may decide the case against you and award the Plaintiff everything asked for in the Complaint. You will also lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff. **If you need more time to respond, you may request an extension of time in writing from the Court.**

### 2. How to Respond.

To respond to this lawsuit, you must file a written response with the Court **and** mail a copy to the Plaintiff's attorney (or the Plaintiff, if unrepresented). You can do this by:

a) Filing your **signed original** response with the Clerk's Office for Civil Business,                    Court

(address), by mail, in person, or electronically through

the web portal www.eFileMA.com if the Complaint was e-filed through that portal, **AND**

b) Delivering or mailing **a copy** of your response to the Plaintiff's attorney/Plaintiff at the following address:

### 3. What to Include in Your Response.

An "Answer" is one type of response to a Complaint. Your Answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in Court. If you have any claims against the Plaintiff (referred to as "counterclaims") that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must **specifically** request a jury trial in your Court no more than 10 days after sending your Answer.

3. (cont.) Another way to respond to a Complaint is by filing a "Motion to Dismiss," if you believe that the Complaint is legally invalid or legally insufficient. A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under **Rule 12 of the Massachusetts Rules of Civil Procedure**. If you are filing a Motion to Dismiss, you must follow the filing rules for "Civil Motions in Superior Court," available at:

www.mass.gov/law-library/massachusetts-superior-court-rules

### 4. Legal Assistance.

You may wish to get legal help from a lawyer. If you cannot get legal help, some basic information for people who represent themselves is available at www.mass.gov/courts/selfhelp.

### 5. Required Information on All Filings.

The "Civil Docket No." appearing at the top of this notice is the case number assigned to this case and must appear on the front of your Answer or Motion to Dismiss. You should refer to yourself as the "Defendant."

Witness Hon.  Michael D. Ricciuti      , Chief Justice on _____ . (Seal)

Acting Clerk _____

**Note:** The docket number assigned to the original Complaint by the court should be used on all future summons before it is served on the Defendant(s).

I HEREBY ATTEST AND CERTIFY ON ~~20~~ .
JULY 8, 2025      , THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
~~ORIGINAL ON FILE IN MY OFFICE,~~
AND IN MY LEGAL CUSTODY.
John E. Powers, III
~~Clerk Magistrate~~
~~SUFFOLK SUPERIOR CIVIL COURT~~
~~DEPARTMENT OF THE TRIAL COURT~~
BY: _____
Asst. Clerk

## PROOF OF SERVICE OF PROCESS

I hereby certify that on June 5, 2025 , I served a copy of this Summons, together with a copy of the Complaint in this action, on the Defendant named in this Summons, in the following manner (See Rule 4(d)(1-5) of the Massachusetts Rules of Civil Procedure):

By agreement. Counsel for the defendant accepted service.

Dated: June 5, 2025                    Signature: _____

**N.B.  TO PROCESS SERVER:**

**PLEASE ENTER THE DATE THAT YOU MADE SERVICE ON THE DEFENDANT IN THIS BOX - BOTH ON THE ORIGINAL SUMMONS AND ON THE COPY OF THE SUMMONS SERVED ON THE DEFENDANT.**

Date:

rev. 1/2023

Date Filed 6/18/2025 1:19 PM
Superior Court - Suffolk
Docket Number 2584CV01535

ML

6/23



4

COMMONWEALTH OF MASSACHUSETTS
TRIAL COURT

SUFFOLK, SS.

CIV. A. NO. 2584CV01535 *B*

KIRK RAMEY,                          )
                                     )
    Plaintiff,                       )
                                     )
    v.                               )
                                     )
    BETA BIONICS, INC.               )
                                     )
    Defendant.                       )
_____ )

## ASSENTED TO MOTION TO IMPOUND

Pursuant to Rule 2 of Trial Court Rule VIII, Uniform Rules on Impoundment Procedure, Plaintiff Kirk Ramey, hereby files this Assented to Motion to Impound the Settlement Agreement attached as Exhibit A to Plaintiff's Complaint filed on June 3, 2025. The Settlement Agreement ("the Agreement") was designated as confidential pursuant to the Section 10 of the Agreement. As explained more below, Plaintiff seeks to impound the Agreement attached as Exhibit A to its Complaint in its entirety.

### BACKGROUND

The Agreement was entered into on April 2, 2024, between Kirk D. Ramey, Dr. Edward Damiano, Beta Bionics, Inc., Dr. Firas El-Khatib, and the Trustees of Boston University. Section 10 of the Agreement states "Each of the Parties shall keep the provisions of this Agreement confidential and shall not disclose them to any person except the Party's immediate family members (in the case of the individuals who are parties to this Agreement) attorneys, accountants,

172936660.1

Date Filed 6/18/2025 1:19 PM
Superior Court - Suffolk
Docket Number 2584CV01535

or other professional advisors; in BU's case, its officers, employees, and insurers; or except as required by law."

### THE SUBJECT MATERIAL

Settlement Agreement attached as Exhibit A to the Complaint.

### THE SUBJECT MATERIAL MEETS THE STANDARDS FOR IMPOUNDMENT

The parties resolved an earlier matter and agreed that the settlement agreement is confidential. Defendant maintains that the confidential nature of the Agreement was a material inducement to the parties' agreement to resolve their dispute.

The law is well-settled that the public's right of access to judicial records may be restricted, upon a showing of "good cause." *Bos. Herald, Inc. v. Sharpe*, 432 Mass. 593, 604 (2000); *Newspapers of New England, Inc. v. Clerk-Magistrate of the Ware Div. of the Dist. Ct. Dep't,* 403 Mass. 628, 631-32 (1988). "It is within the discretion of a court to impound its files in a case and to deny public inspection of them, and that is often done when justice so requires." *H.S. Gere & Sons v. Frey*, 400 Mass. 326, 329 (1987) (quoting *Sanford v. Bos. Herald-Traveler Corp.*, 318 Mass. 156, 158 (1945)).   To determine whether good cause is shown, the Court is to balance the rights of the parties against the "general principle of publicity." *Bos. Herald, Inc.*, 432 Mass. at 604-05; *H.S. Gere & Sons*, 400 Mass. at 329.  The Court is to "take into account all relevant factors, 'including, but not limited to, the nature of the parties and the controversy, the type of information and the privacy interests involved, the extent of community interest, and the reason for the request.'" *Bos. Herald, Inc.*, 432 Mass. at 604 n.22 (quoting Rule 7 of the Uniform Rules on Impoundment Procedure).  There is good cause to impound the Agreement based on the confidentiality provision agreed to by all parties thereto.

172936660.1

Date Filed 6/18/2025 1:19 PM
Superior Court - Suffolk
Docket Number 2584CV01535

Wherefore, Kirk Ramey requests that this Court impound the settlement agreement

attached as Exhibit A to Plaintiff's Complaint filed on June 3, 2025.

DATED:  June 18, 2025

Respectfully submitted,

KIRK RAMEY,

by his attorney,

Kevin T. Peters (BBO No. 550522)
Fox Rothschild LLP
33 Arch Street, Suite 3110
Boston, MA 02110
(617) 848-4017 – direct
(617) 848-4001 – fax
kpeters@foxrothschild.com

I HEREBY ATTEST AND CERTIFY ON
July 8, 2025, THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.
John E. Powers, III
Clerk Magistrate
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT
BY: _____
Asst. Clerk

## CERTIFICATE OF COMPLIANCE WITH RULE 9C

I hereby certify that pursuant to Superior Court Rule 9C, counsel for Plaintiff, Kevin T.

Peters, and counsel for Defendant, Dawn Mertineit, conferred via email on June 17, 2025, and

Defendant has assented to this motion.

Kevin T. Peters

## CERTIFICATE OF SERVICE

I, Kevin T. Peters, certify that I served or caused to be served a copy of the foregoing
document on all counsel of record by electronic mail on June 18, 2025.

Kevin T. Peters

172936660.1

Date Filed 6/18/2025 1:19 PM
Superior Court - Suffolk
Docket Number 2584CV01535

COMMONWEALTH OF MASSACHUSETTS
TRIAL COURT

SUFFOLK, SS.                                      CIV. A. NO. 2584CV01535

KIRK RAMEY,                          )
                                     )
Plaintiff,                           )
                                     )
v.                                   )
                                     )
BETA BIONICS, INC.                   )
                                     )
Defendant.                           )

**AFFIDAVIT IN SUPPORT OF ASSENTED TO MOTION TO IMPOUND**

I, Kevin T. Peters, declare as follows:

1.      I represent Plaintiff Kirk Ramey in the above captioned matter.

2.      On June 3, 2025, I filed a complaint in the above-captioned action and attached a settlement agreement to that complaint as one of the operative documents.

3.      By agreement, the settlement agreement is confidential and should not have been attached to the complaint. I now move to impound the settlement agreement to correct this mistake.

Kevin T. Peters, BBO No. 550522

172936660.1

Date Filed 6/18/2025 1:19 PM
Superior Court - Suffolk
Docket Number 2584CV01535

COMMONWEALTH OF MASSACHUSETTS
TRIAL COURT

SUFFOLK, SS.

CIV. A. NO. 2584CV01535

|  |  |
|---|---|
| KIRK RAMEY, | ) |
| Plaintiff, | ) |
| v. | ) |
| BETA BIONICS, INC. | ) |
| Defendant. | ) |

## [PROPOSED] FINDINGS AND ORDER

This matter is before the Court on the Assented to Motion to Impound, pursuant to Rule 2 of the Uniform Rules on Impoundment Procedure, filed by Plaintiff Kirk Ramey.

Upon consideration of the Assented to Motion to Impound, the Court makes the following FINDINGS and ORDER:

Plaintiff's motion is ALLOWED, and the settlement agreement attached to plaintiff's complaint as Exhibit A is hereby impounded.

IT IS SO ORDERED.

Dated:

_____
Associate Justice,
Massachusetts Superior Court

172936660.1

ML

5

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss

SUPERIOR COURT
CIVIL ACTION NO. 2584CV01535

KIRK RAMEY,

Plaintiff,

v.

BETA BIONICS, INC.,

Defendant.

## NOTICE OF FILING NOTICE OF REMOVAL

PLEASE TAKE NOTICE that this case, which was previously pending in the Superior Court of Suffolk County, Commonwealth of Massachusetts, has been removed to the United States District Court for the District of Massachusetts by Defendant Beta Bionics, Inc., pursuant to 28 U.S.C. §§ 1332, 1441 and 1446. A copy of the Notice of Removal, filed with the United States District Court for the District of Massachusetts, is attached hereto as Exhibit 1.

PLEASE TAKE FURTHER NOTICE that, pursuant to 28 U.S.C. § 1446(d), the filing of the Notice of Removal in the United States District Court effectuates the removal of this action. Accordingly, this Court "shall proceed no further unless and until the case is remanded."

DATED: July 3, 2025

Respectfully submitted,

BETA BIONICS, INC.,

By its attorneys:

/s/ Dawn Mertineit

Dawn Mertineit (BBO No. 669988)
dmertineit@seyfath.com
Dallin R. Wilson(BBO No. 676662)
drwilson@seyfarth.com
SEYFARTH SHAW LLP
Seaport East
Two Seaport Lane, Suite 1200
Boston, Massachusetts 02210
Telephone:    (617) 946-4800
Facsimile:    (617) 946-4801

## CERTIFICATE OF SERVICE

I hereby certify that on July 3, 2025, a true copy of the above document was served by email upon:

Kevin T. Peters
Fox Rothschild LLP
33 Arch St., Suite 3110
Boston, MA 02110
(617) 848-4017

*Attorneys for Plaintiff*

I HEREBY ATTEST AND CERTIFY ON July 8, 2025, THAT THE FOREGOING DOCUMENT IS A FULL, TRUE AND CORRECT COPY OF THE ORIGINAL ON FILE IN MY OFFICE, AND IN MY LEGAL CUSTODY.
John E. Powers, III
Clerk Magistrate
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT
BY: _____
Asst. Clerk

/s/ Dawn Mertineit

Dawn Mertineit

2

# EXHIBIT 1

Date Filed 7/3/2025 3:51 PM Case 1:25-cv-11904-ADB   Document 7   Filed 07/22/25   Page 30 of 34
Superior Court - Suffolk
Docket Number 2584CV01535   Case 1:25-cv-11904   Document 1   Filed 07/03/25   Page 1 of 5

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

KIRK RAMEY,

                    Plaintiff,

        v.

BETA BIONICS, INC.,

                    Defendant.

Case No. __25-cv-11904__

REMOVED FROM THE COMMONWEALTH OF MASSACHUSETTS, SUFFOLK SUPERIOR COURT, CASE NO. 2584CV01535

### NOTICE OF REMOVAL

Defendant Beta Bionics, Inc. ("Beta Bionics" or "Defendant"), by and through its attorneys and without waiving any defenses, and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, submits this Notice of Removal with respect to the above captioned case from the Commonwealth of Massachusetts, Suffolk Superior Court. In support of its Notice of Removal, Defendant states as follows:

### BACKGROUND AND TIMELINESS

1. On or about June 3, 2025, Plaintiff Kirk Ramey ("Ramey" or "Plaintiff") filed his Complaint in the Commonwealth of Massachusetts, Suffolk Superior Court, titled: *Kirk Ramey. v. Beta Bionics, Inc.,* Docket No. 2584CV01535 (the "State Court Action").

2. On June 5, 2025, Plaintiff served Defendant. Copies of all "process, pleadings and orders" received by Defendant in the State Court Action are attached as **Ex. A**.[1] *See* 28 U.S.C. § 1446(a).

---

[1] Plaintiff's Complaint included as Exhibit A thereto a copy of the Settlement Agreement (the "Agreement") that forms the basis of this dispute; however, the Agreement provides at Section 10 that "[e]ach of the Parties shall keep the provisions of this Agreement confidential and shall not disclose them to any person" with certain exceptions that are not relevant here. Defendant promptly notified Plaintiff of this error, and Plaintiff subsequently filed an assented-to Motion to Impound in the lower court, which has since been granted.

Date Filed 7/3/2025 3:51 PM Case 1:25-cv-11904-ADB     Document 7     Filed 07/22/25     Page 31 of 34
Superior Court - Suffolk
Docket Number 2584CV01535     Case 1:25-cv-11904     Document 1     Filed 07/03/25     Page 2 of 5

3. Because Defendant has filed this Notice of Removal within thirty days of service of the Complaint, this Notice of Removal is timely. *See* 28 U.S.C. § 1446(b); Fed. R. Civ. P. 6(a)(1)(C); *Romulus v. CVS Pharmacy, Inc.*, 770 F.3d 67, 74 (1st Cir. 2014).

## THE CASE IS REMOVABLE BASED ON DIVERSITY JURISDICTION

4. Pursuant to 28 U.S.C. § 1332(a), "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."

5. In this case, the requirements of 28 U.S.C. § 1332(a) have been met because, as set forth below, there is complete diversity of citizenship among the parties, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

### *The Parties Are Diverse*

6. As alleged in the Complaint, Plaintiff resides in Florida, and is therefore a citizen and resident of the State of Florida. *See* **Ex. A**, Compl. ¶ 1.

7. Section 1332 defines corporate citizenship as follows: "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business[.]" 28 U.S.C. § 1332(c)(1).

8. A corporation's principal place of business is the place where the "corporation's officers direct, control, and coordinate the corporation's activities . . . [a]nd in practice [that place] should normally be the place where the corporation maintains its headquarters." *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010).

2

Date Filed 7/3/2025 3:51 P Case 1:25-cv-11904-ADB    Document 7    Filed 07/22/25    Page 32 of 34
Superior Court - Suffolk
Docket Number 2584CV01535    Case 1:25-cv-11904    Document 1    Filed 07/03/25    Page 3 of 5

9.    Beta Bionics is a company organized under the laws of the State of Delaware with its principal place of business in Irvine, California, and is thus a citizen of both Delaware and California.[2]

10.    Because the Plaintiff is a citizen of a different state than Defendant, this case is between "citizens of different States," and complete diversity between Plaintiff and Defendant exists. *See Ezekiel v. Jones Motor Co.*, 377 F. Supp. 273, 275 (D. Mass. 1974) ("This Court has original jurisdiction of this case under 28 U.S.C. § 1332 only if all defendants are of citizenship diverse to that of the plaintiff."); 28 U.S.C. § 1332(a), (c).

## *The Amount In Controversy Exceeds $75,000*

11.    "The amount in controversy is calculated based on 'the state of the complaint at the time of removal.'" *Williams v. Toys "R" Us - Delaware, Inc.*, No. CV 15-13943-MLW, 2016 WL 5723588, at *1 (D. Mass. Sept. 28, 2016) (citing *Magerer v. John Sexton & Co.*, 912 F.2d 525, 529 (1st Cir. 1990)).

12.    While Beta Bionics denies any liability, the civil action cover sheet accompanying Plaintiff's Complaint states that Plaintiff seeks to recover "[n]ot less than $195,000" for each of the two claims set forth in the Complaint.

13.    Thus, the amount in controversy in this action exceeds the $75,000 threshold.

## **VENUE AND NOTICE**

14.    Removal is appropriate "to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Pursuant to 28

---

[2] Plaintiff's complaint mistakenly alleges that Beta Bionics is organized under the laws of the state of California. In any event, as set forth herein, the parties are diverse.

Date Filed 7/3/2025 3:51 PM Case 1:25-cv-11904-ADB    Document 7    Filed 07/22/25    Page 33 of 34
Superior Court - Suffolk
Docket Number 2584CV01535    Case 1:25-cv-11904    Document 1    Filed 07/03/25    Page 4 of 5

U.S.C. § 101, this Court embraces the Suffolk Superior Court, Commonwealth of Massachusetts. Accordingly, this Court is the appropriate venue for removal of this action. 28 U.S.C. § 1441(a).

15.    Prompt written notice of this Notice of Removal has been sent to Plaintiff through his counsel, and to the Clerk of Court for Suffolk Superior Court, Commonwealth of Massachusetts, as required by 28 U.S.C. § 1446(d). A copy of this notice is attached hereto as **Ex. B**.

## CONCLUSION

WHEREFORE, Defendant Beta Bionics, Inc. requests that the above-described action pending against it be removed to the United States District Court for the District of Massachusetts. Defendant also requests all other relief, at law or in equity, to which it justly is entitled.

DATED: July 3, 2025                              Respectfully submitted,

                                                 BETA BIONICS, INC.,

                                                 By its attorneys:


                                                 */s/ Dawn Mertineit*
                                                 Dawn Mertineit (BBO No. 669988)
                                                 dmertineit@seyfath.com
                                                 Dallin R. Wilson (BBO No. 676662)
                                                 drwilson@seyfarth.com
                                                 SEYFARTH SHAW LLP
                                                 Seaport East
                                                 Two Seaport Lane, Suite 1200
                                                 Boston, Massachusetts 02210
                                                 Telephone:    (617) 946-4800
                                                 Facsimile:    (617) 946-4801

Date Filed 7/3/2025 3:51 PM Case 1:25-cv-11904-ADB     Document 7     Filed 07/22/25     Page 34 of 34
Superior Court - Suffolk
Docket Number 2584CV01535     Case 1:25-cv-11904     Document 1     Filed 07/03/25     Page 5 of 5

## CERTIFICATE OF SERVICE

I hereby certify that on July 3, 2025, a copy of the foregoing document was filed electronically through the Court's ECF system. Electronic copies were served on the plaintiff as follows:

> Kevin T. Peters
> Fox Rothschild LLP
> 33 Arch St., Suite 3110
> Boston, MA 02110
> (617) 848-4017
> kpeters@foxrothschild.com
>
> *Attorneys for Plaintiff*

/s/ Dawn Mertineit
Dawn Mertineit

5