UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| KIRK RAMEY, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. 25-cv-11904-ADB |
| BETA BIONICS, INC., | * | |
| Defendant. | * | |

**MEMORANDUM AND ORDER**

BURROUGHS, D.J.

    Defendant Beta Bionics, Inc. ("Defendant") removed this action from Massachusetts state court to federal court based on diversity jurisdiction. [ECF No. 1]. Plaintiff Kirk Ramey ("Plaintiff") has filed a motion for remand to state court, arguing that Defendant is a citizen of Massachusetts and thus barred from removing this litigation under 28 U.S.C. § 1441(b)(2). [ECF No. 12]. For the following reasons, Plaintiff's motion is **DENIED**.

On June 3, 2025, Plaintiff sued Defendant in Massachusetts Superior Court for breach of contract and violation of Massachusetts General Laws Chapter 93A, [ECF No. 1-1 at 5–12], seeking "[n]ot less than $ 195,000" in damages, [id. at 2]. Plaintiff's state-court complaint alleged that he was "an individual residing" in Pompano Beach, Florida, and that Defendant was "a corporation organized under the laws of the State of California," with "a principal place of business" in Irvine, California. [Id. at 5]. On July 3, 2025, Defendant filed a notice of removal in this Court, arguing that Plaintiff's action satisfied the requirements of federal diversity jurisdiction, see 28 U.S.C. § 1332(a), and was therefore removable under 28 U.S.C. § 1441. [ECF No. 1].

On August 4, 2025, Plaintiff filed the instant motion for remand. [ECF No. 12]. In it, he argued that he "recently learned" that his allegations regarding Defendant's principal place of business were inaccurate and that Defendant was a Massachusetts citizen, based on two corporate filings in which Defendant indicated that its principal office was located in Concord, Massachusetts: (1) a Statement of Information that Defendant filed with the California Secretary of State on December 27, 2024; and (2) an Annual Report that Defendant filed with the Massachusetts Secretary of the Commonwealth in February 2025. [Id. at 1–2]; see also [ECF No. 13-1 at 39–40 (California filing)]; [id. at 42–43 (Massachusetts filing)].

Defendant opposed Plaintiff's motion, arguing that the corporate filings "were submitted in error" and that its corporate "nerve center" was in California. [ECF No. 16 at 1]. Along with its opposition, Defendant submitted an affidavit from Defendant's Chief Financial Officer, Stephen Feider, which states, as relevant here, that "[t]he majority of the company's executive leadership team" live and work in California and that only Defendant's Chief Medical Officer lives in Massachusetts, [ECF No. 17 ¶ 4]; "the vast majority" of Defendant's vice presidents live

2

and work in California and only one vice president lives in Massachusetts, [id. ¶ 6]; Defendant's "core operations, including its finance and accounting department, human resources department, and research and development teams" are based in California, [id. ¶ 7]; 202 of Defendant's 394 employees work in California and only 12 in Massachusetts, see [id. ¶¶ 7–9]; and all products Defendant manufactures in the United States are produced in and distributed from California, [id. ¶ 10]. The affidavit also states that the corporate filings mentioned in Plaintiff's motion contained "a previously unidentified error" and that Defendant has "since corrected" the filings "to accurately reflect that the principal place of business is in Irvine, California." [Id. ¶ 12]; see also [ECF Nos. 17-1, 17-2 (corrected filings)].

     A defendant may remove a civil lawsuit initiated in state court to federal court so long as the federal court has "original jurisdiction" over the case. 28 U.S.C. § 1441(a). Original federal diversity jurisdiction is available in cases arising between citizens of different states in which the amount in controversy exceeds $75,000. Id. § 1332(a). When, as here, a case is removable solely on the basis of a federal court's diversity jurisdiction, it "may not be removed if any of the . . . defendants is a citizen of the State in which such action is brought." Id. § 1441(b)(2). Under this so-called "forum-defendant rule," Novak v. Bank of N.Y. Mellon Tr. Co., 783 F.3d 910, 911 n.1 (1st Cir. 2015), this case must be remanded to Massachusetts state court if Defendant was a citizen of Massachusetts at the time of removal, see Harrison v. Granite Bay Care, Inc., 811 F.3d 36, 40 (1st Cir. 2016).

     For purposes of diversity jurisdiction, a corporation such as Defendant is a citizen of "every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business." 28 U.S.C. § 1332(c)(1). Plaintiff does not contest that the amount-in-controversy requirement is met or that Defendant is incorporated in Delaware, arguing only that

Defendant's principal place of business is in Massachusetts. See [ECF No. 12]. A corporation's principal place of business is its "nerve center," or "the place where a corporation's officers direct, control, and coordinate the corporation's activities." Hertz Corp. v. Friend, 559 U.S. 77, 92–93 (2010). Even "in this era of telecommuting," in which "some corporations may divide their command and coordinating functions among officers who work at several different locations," this test "points courts in a single direction, toward the center of overall direction, control, and coordination." Hertz, 559 U.S. at 95–96; see also Harrison v. Granite Bay Care, Inc., 811 F.3d 36, 41 (1st Cir. 2016) ("At its heart, the nerve center test is an inquiry to find the one location from which a corporation is ultimately controlled."). As the party seeking to invoke federal jurisdiction, Defendant bears the burden of persuasion and must support its jurisdictional allegations with "competent proof." Id. at 96–97.

Here, a straightforward application of the "nerve center" test leads to the conclusion that Defendant's principal place of business is in California, not Massachusetts. Based on the Feider affidavit, Defendant's "President/Chief Executive Officer, Chief Financial Officer, and Chief Product Officer" and all but one of Defendant's vice presidents are based in California and work from Defendant's California office, and Defendant's core operations are located there. [ECF No. 17 ¶¶ 4, 6–7, 10]. Although Defendant's Chief Medical Officer and one vice president are based in Massachusetts, [id. ¶¶ 4, 6], Defendant's Massachusetts location is a mere "legacy satellite office," with few employees and no major operational significance, [id. ¶ 8]. Accordingly, the Court finds that California "is the actual center of direction, control, and coordination" of the company. Hertz, 559 U.S. at 93.

Plaintiff's counterarguments are unavailing. He relies principally on Defendant's two corporate filings, [ECF No. 12 at 1–2]; [ECF No. 20 at 2–3], but it is well-established that

4

"'representations' made by a corporation in its 'annual reports or . . . documents filed with a secretary of state that indicate the location of a corporate headquarters' are not 'bind[ing]' on a court seeking to determine a corporation's principal place of business," O'Hara v. Amag Pharms., Inc., No. 23-cv-10487, 2023 WL 7116715, at *3 (D. Mass. Oct. 27, 2023) (quoting Transp. & Storage Sols. Inc. v. KLT Indus., Inc., No. 13-cv-40137, 2014 WL 5320174, at *3 (D. Mass. Oct. 17, 2014)); see also Merrimack Mut. Fire Ins. Co. v. Omega Flex, Inc., 569 F. Supp. 3d 68, 70 (D. Mass. 2021) ("'[R]un-of-the-mill corporate filings' are insufficient to establish a corporation's principal place of business for diversity purposes." (quoting Harrison, 811 F.3d at 41)). Plaintiff also criticizes the Feider affidavit as "self-serving," arguing that it does not amount to "competent proof," [ECF No. 20 at 3], but "courts in this district have found a corporate officer's affidavit to be sufficient proof for jurisdictional purposes," O'Hara, 2023 WL 7116715, at *3 n.4, and Plaintiff offers no reason, other than a generic attack on Feider's credibility, to believe that any part of Feider's sworn affidavit is incorrect.[1] Finally, Plaintiff requests "limited jurisdictional discovery" to "test certain of the contentions" in the Feider affidavit. [ECF No. 20 at 3–4]. The Court finds, however, that "there are sufficient facts on this record to determine that [Defendant's] officers do not 'direct, control, and coordinate the

---

[1] Plaintiff also faults the affidavit for failing to "explain how this supposed 'unidentified error' could happen not once, but twice," [ECF No. 20 at 3 (citation omitted)], but such an explanation is not required to establish jurisdiction, see Merrimack Mut. Fire Ins. Co., 560 F. Supp. 3d at 70–71 ("Though [defendant's general manager] does not provide an explanation for those filings in her affidavit, [defendant] has provided sufficient evidence that Pennsylvania is the company's nerve center.").

corporation's activities' from Massachusetts and will therefore not grant jurisdictional discovery." O'Hara, 2023 WL 7116715, at *4 n.5 (quoting Hertz, 599 U.S. at 92–93).[2]

For the foregoing reasons, Plaintiff's motion for remand, [ECF No. 12], is **DENIED**, and Plaintiff is directed to file an opposition to Defendant's pending motion to dismiss, [ECF No. 9], by September 24, 2025.

**SO ORDERED.**

September 9, 2025                                                                 /s/ Allison D. Burroughs
                                                                                  ALLISON D. BURROUGHS
                                                                                  U.S. DISTRICT JUDGE

---

[2] Of course, if at any time before final judgment it appears that this Court lacks subject-matter jurisdiction, the case will be remanded. See 28 U.S.C. § 1447(c). The Court notes, however, that, unlike, for example, the requirement of complete diversity, the forum-defendant rule is procedural, not jurisdictional. See Samaan v. St. Joseph Hosp., 670 F.3d 21, 28 (1st Cir. 2012).