## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KIRK RAMEY,<br><br>                    Plaintiff,<br><br>v.<br><br>BETA BIONICS, INC.,<br><br>                    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   Civil Action No. 1:25-cv-11904-ADB |

### <u>DEFENDANT'S MOTION FOR RULE 11 SANCTIONS</u>

Pursuant to Rule 11(c)(2) of the Federal Rules of Civil Procedure, Defendant Beta Bionics, Inc. ("Beta Bionics") moves for sanctions against Plaintiff Kirk Ramey for pursuing claims in his Amended Complaint that lacked evidentiary support, are unwarranted by existing law, and were presented for the improper purpose of harassing Beta Bionics and leveraging a settlement. As stated in the accompanying memorandum of law, this Court dismissed Plaintiff's original complaint due its "fundamental flaw" that it failed to allege that Beta Bionics permitted any other shareholders to sell or transfer their stock during a 180-day post-IPO lockup period. Despite the Court's unambiguous holding, Plaintiff pressed forward with the Amended Complaint, where he made no material changes to address the fundamental flaw in his original complaint.

Moreover, Plaintiff has clearly filed the Amended Complaint for the improper purpose of harassing Beta Bionics and leveraging a settlement. At the time Plaintiff filed the Amended Complaint, Beta Bionics stock was trading well-above its IPO price, and above any price at which Plaintiff has suggested he would have previously sold his shares. In fact, had he sold his shares rather than filed the Amended Complaint, he would have yielded over $1,000,000 more than had he been able to sell his shares on the date he filed his original complaint. Plaintiff had a duty to

mitigate his damages, but instead he opted to forego a million dollar windfall and instead pursue his baseless claims against Beta Bionics. And when counsel raised its concerns that Plaintiff had violated Rule 11 by filing the Amended Complaint, Plaintiff's counsel immediately broached settlement, and then dragged their feet for a month before making an unreasonable offer. Plaintiff's filing of the Amended Complaint for an improper purpose is additional grounds for Rule 11 sanctions.

Wherefore, Beta Bionics respectfully requests that this motion be granted and that the Court enter an appropriate sanction against Plaintiff and his counsel for violating Rule 11.[1]

DATED: February 19, 2026

Respectfully submitted,

BETA BIONICS, INC.,

By its attorneys:

*/s/ Dawn Mertineit*
Dawn Mertineit (BBO No. 669988)
dmertineit@seyfath.com
Dallin R. Wilson (BBO No. 676662)
drwilson@seyfarth.com
SEYFARTH SHAW LLP
Seaport East
Two Seaport Lane, Suite 1200
Boston, Massachusetts 02210
Telephone: (617) 946-4800
Fax: (617) 946-4801

---

[1] Counsel for Beta Bionics first served this motion on Ramey's counsel on February 6, 2026, pursuant to Fed. R. Civ. P. 11(c)(2). On February 17, 2026, Ramey's counsel requested by email that Beta Bionics file this motion as soon as possible so that the Court could consider this motion at the same time as Beta Bionics' motion to dismiss the Amended Complaint. The undersigned counsel advised that Beta Bionics would be willing to do so, provided that Ramey agree that he has waived compliance with the safe harbor provision (and that in fact Ramey has affirmatively requested that the motion be filed prior to expiration thereof). On February 18, counsel for Ramey agreed, confirming that Beta Bionics should file promptly.

## CERTIFICATE OF SERVICE

I hereby certify that, pursuant to Fed. R. Civ. P. 11(c)(2), on February 6, 2026, a copy of the foregoing document was served on Plaintiff's counsel via email and FedEx. On February 17 and 18, 2026, Ramey's counsel requested that Beta Bionics file this motion as soon as possible and agreed that Ramey is waiving compliance with the safe harbor provision.

*/s/ Dawn Mertineit*
Dawn Mertineit

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1

I hereby certify that on January 5, 2026, I conferred with Plaintiff's counsel in a good faith attempt to resolve or narrow the issues raised in this motion.  The parties were unable to resolve or narrow the issues.

*/s/ Dawn Mertineit*
Dawn Mertineit