## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| | ) | |
| KIRK RAMEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 1:25-cv-11904-ADB |
| v. | ) | |
| | ) | |
| BETA BIONICS, INC. | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## ANSWER TO FIRST AMENDED COMPLAINT

Defendant Beta Bionics, Inc. ("Beta" or "Defendant") answers the First Amended Complaint (the "Complaint") of Plaintiff Kirk Ramey, as follows:

### PARTIES

1.    Beta lacks knowledge sufficient to admit or deny the allegations of Paragraph 1 of the Complaint and therefore denies them.

2.    Admitted.

3.    Admitted.

4.    Admitted.

### JURISDICTION AND VENUE

5.    Admitted.

6.    Admitted.

### FACTS

7.    Admitted.

1

8.  Beta admits that Ramey is a named inventor and coinventor on certain patents related to the Project.

9.  Admitted.

10.  Admitted.

11.  The allegations of Paragraph 11 of the Complaint describe a written document, which speaks for itself.  Further answering, Beta states that the Settlement Agreement contains a confidentiality provision that Plaintiff violated by quoting from the Settlement Agreement in a publicly filed document.

12.  Denied.

13.  Beta admits that Damiano transferred a certain amount of Beta stock to Ramey. Except as so admitted, Beta denies the remaining allegations in Paragraph 13 of the Complaint.

14.  Beta is without knowledge sufficient to admit or deny the allegations of Paragraph 14 of the Complaint and therefore denies them.

15.  Beta admits that Ramey wrote to Beta on December 9, 2024.  Beta denies the allegations made by Ramey in his December 9, 2024 writing.

16.  Beta admits that it responded to Ramey's December 9, 2024 letter on January 15, 2025 and that Beta's response stated that Ramey would need to find a buyer of his own if he wanted to sell his Beta stock.  Except as so admitted, Beta denies the remaining allegations in Paragraph 16 of the Complaint.

17.  Admitted.

18.  Beta admits that Ramey refused to sign the Lockup Proposal.  Except as so admitted, Beta denies the remaining allegations in Paragraph 18 of the Complaint.

19.    Beta admits that its stock began training on the Nasdaq Global Market on January 30, 2025 under the ticker symbol BBNX.  Except as so admitted, Beta lacks knowledge sufficient to admit or deny the remaining allegations in Paragraph 19 of the Complaint, and therefore denies them.

20.    Denied.

21.    Denied.

22.    Beta admits that it sent an email to its stockholders on February 11, 2025.  Except as so admitted, Beta denies the remaining allegations of Paragraph 22 of the Complaint.

23.    Denied.

24.    Beta admits that on February 17, 2025, Ramey, through his financial advisor, emailed Beta regarding his stock.  Except as so admitted, Beta denies the remaining allegations in Paragraph 24 of the Complaint.

25.    Beta admits that on February 21, 2025, it advised Ramey (through his financial advisor) that his shares were subject to a 180-day post-IPO lockup. Except as so admitted, Beta denies the remaining allegations in Paragraph 25 of the Complaint.

26.    Paragraph 26 of the Complaint contains argument to which no response is required. To the extent a response is deemed required, Beta denies the allegations in Paragraph 26 of the Complaint.

27.    Beta admits that under the Settlement Agreement, Beta is required to treat Ramey's stock identically with all other Class B Common stock for all purposes.  Except as so admitted, Beta denies the remaining allegations of Paragraph 27 of the Complaint.

28.    Denied.

29.    Beta admits that Paragraph 29 accurately quotes from the Settlement Agreement. Except as so admitted, Beta denies the remaining allegations in Paragraph 29 of the Complaint.

30.    Beta admits that its stock closed at $23.81 on January 31, 2025.  Except as so admitted, Beta denies the remaining allegations in Paragraph 30 of the Complaint.

31.    Beta admits that Ramey sent a demand letter to Beta on February 28, 2025.  Except as so admitted, Beta denies the remaining allegations in Paragraph 31 of the Complaint.

32.    Denied.

## COUNT I

33.    Beta incorporates by reference the responses to the foregoing Paragraphs as if fully restated herein.

34.    Admitted.

35.    Denied.

36.    Denied.

37.    Denied.

## AFFIRMATIVE AND OTHER DEFENSES

### First Defense

The Complaint fails to state a claim upon which relief may be granted.

### Second Defense

Ramey failed to mitigate his damages by selling his shares when Beta's stock was trading at a price equal to or greater than the price on the date he would have sold his shares.

### Third Defense

Ramey's claim fails because Beta treated Ramey's stock equally with other Class B common stock by not allowing any stockholders to sell their stock during the post-IPO lockup.

## JURY DEMAND

Beta demands a trial by jury on all matters so triable.


Dated: June 16, 2026

Respectfully submitted,

BETA BIONICS, INC.
By its attorneys,

*/s/ Dawn Mertineit*
Dawn Mertineit (BBO No. 669988)
SEYFARTH SHAW LLP
Seaport East
Two Seaport Lane, Suite 1200
Boston, Massachusetts 02210
Telephone: (617) 946-4800
Fax: (617) 946-4801
dmertineit@seyfath.com


## CERTIFICATE OF SERVICE

I hereby certify that this document, filed through the CM/ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing. I further certify that paper copies will be sent to those indicated as non-registered participants on the date below.


Dated: June 16, 2026

*/s/ Dawn Mertineit*
Dawn Mertineit

5